IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BROADWAY PARK, L.L.C., a/k/a ) | |
| BROADWAY BUSINESS PARK, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-584-M |
| ) | |
| THE HARTFORD CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is defendant's Motion to Amend Answer, filed June 27, 2006. On July 17, 2006, plaintiff filed its response, and on July 28, 2006, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Pursuant to Federal Rule of Civil Procedure 15(a), defendant moves this Court to amend its answer to include the specific contract language on which it bases its first through fifth affirmative defenses and to add a sixth affirmative defense for faulty workmanship. Plaintiff does not object to including the specific contract language on which defendant bases its first through fifth affirmative defenses but does object to the addition of an affirmative defense for faulty workmanship.

Rule 15(a) provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and <u>leave shall be freely given when justice so requires</u>." Fed. R. Civ. P. 15(a) (emphasis added).

> Rule 15(a) declares that leave to amend shall be freely given when
> justice so requires; this mandate is to be heeded. . . . In the absence
> of any apparent or declared reason – such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to

>   the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given. Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotations and citation omitted).

In its response, plaintiff asserts that defendant's motion to amend should be denied because it is untimely. In its motion, defendant states that it was not aware of the faulty workmanship defense until January, 2006, when it received its engineer Brian McDonald's report, and that it delayed in filing the motion to amend because the parties were in the midst of settlement discussions[1] and to assert the defense at that time could have disrupted the ongoing attempts to settle. In its response, plaintiff contends that defendant knew or should have known of the underlying facts giving rise to the faulty workmanship defense as early as April, 2004, when Richard Ryan[2] inspected Buildings A and B, two of the buildings involved in the loss at issue in the case at bar, and certainly no later than July 29, 2004, when it received the reports for Buildings A and B prepared by Berryman Enterprises, one of the structural engineering firms involved in this case.

Having carefully reviewed the parties' submissions, the Court finds that it is a disputed issue of fact as to whether defendant knew or should have known of the underlying facts giving rise to the faulty workmanship defense prior to January, 2006. Because it is disputed as to when defendant knew or should have known about the faulty workmanship defense, the Court finds that the motion

---

[1] The parties had originally agreed to mediate this matter in early April, 2006. The mediation was rescheduled for June 14, 2006.

[2] Mr. Ryan works for TMI Construction, defendant's preferred general contractor it selected to respond to the loss in this case.

to amend should not be denied on this basis. The Court further finds that the reason defendant states for its delay in filing the motion to amend – it did not want to disrupt the ongoing attempts to settle – is good cause justifying the delay in filing the motion in this case. Accordingly, the Court finds that defendant did not unduly delay in filing its motion to amend and that said motion is not untimely.

Plaintiff next asserts that the motion to amend should be denied because the proposed amendment is futile because defendant has waived the faulty workmanship defense by recognizing coverage when it knew or should have known of the alleged faulty workmanship. As set forth above, the Court finds that the timing of defendant's knowledge of the faulty workmanship defense is a disputed issue of fact. Consequently, the Court finds that defendant's proposed amendment is not clearly futile.

Finally, plaintiff asserts that the motion to amend should be denied because allowing the amendment will cause undue prejudice to plaintiff. Having carefully reviewed the parties' submissions, the Court finds that plaintiff will not be prejudiced if defendant is allowed to amend its answer. The Court would initially note that in February, 2006, defendant advised plaintiff that it might be raising faulty workmanship as an affirmative defense and that plaintiff has already sought some discovery on this issue. Additionally, this action is currently on the Court's January, 2007 trial docket, with a discovery deadline of December 1, 2006. Based on the above, the Court finds that plaintiff will have sufficient time to conduct any necessary discovery on this issue.

Accordingly, for the reasons set forth above, the Court GRANTS defendant's Motion to Amend Answer [docket no. 75]. Defendant is given leave to file an Amended Answer including the specific contract language on which defendant bases its first through fifth affirmative defenses and

adding a sixth affirmative defense for faulty workmanship. Defendant shall file its Amended Answer within seven (7) days of the date of this Order.

**IT IS SO ORDERED this 9th day of August, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE