**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BROADWAY PARK, L.L.C., a/k/a<br>BROADWAY BUSINESS PARK, L.L.C.,<br><br>          Plaintiff,<br><br>vs.<br><br>THE HARTFORD CASUALTY<br>INSURANCE COMPANY,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-05-584-M<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is plaintiff's First Motion to Compel, filed May 2, 2006. On May 12, 2006, defendant filed its response. On June 13, 2006, plaintiff filed its reply. On June 22, 2006, the Court ordered defendant to submit for *in camera* review those documents to which it was claiming work product protection applied. On July 10, 2006, defendant submitted the above-referenced documents. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff Broadway Park, L.L.C. ("Broadway") is the operator of a business park located at the intersection of the Broadway Extension and Wilshire Boulevard in Oklahoma City, Oklahoma. The business park consists of eleven separate buildings designated as Buildings A through K. Defendant The Hartford Casualty Insurance Company ("Hartford") is Broadway's insurance carrier.

On the afternoon of April 21, 2004, a severe thunderstorm passed through Oklahoma City. In addition to heavy rain and high winds, the storm deposited large amounts of hail in the area of the business park. During the storm, the roof on Building A collapsed and the roof on Building B suffered a partial collapse. The remaining buildings suffered various levels of damage.

The instant action arises out of the insurance claim Broadway made to Hartford based upon

the April 21, 2004 storm.  Specifically, Broadway alleges that Hartford has breached the terms of their insurance contract and has committed bad faith in handling the insurance claim.  On January 13, 2006, Broadway served Hartford with a request for production of documents.  Hartford has objected to certain requests.  Broadway now moves this Court to compel Hartford to produce all documents responsive to requests for production nos. 3, 4, 5, 7, 8, 9, 16, and 17.

II.     Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> **In General.**  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

    A.    <u>Hartford's underwriting files (Request No. 5)</u>

Request for Production No. 5 seeks "[a]ll documents relating to or referencing Hartford's underwriting of the Policy."  Hartford asserts that its underwriting of the policy in question is not relevant to the issues raised in this case.  Broadway contends that these documents are relevant and reasonably calculated to lead to the discovery of admissible evidence because Hartford is now attempting to deny coverage for the storm damage to Buildings A and B based on alleged defects in the design and construction of the buildings.  Broadway asserts that what Hartford knew about the design and construction of the buildings when it issued the policy is, therefore, relevant.

In a separate order issued this same date, the Court granted Hartford leave to amend its

answer to include a faulty workmanship affirmative defense. Based upon this new defense, the Court finds that the documents Broadway is seeking in request for production no. 5 are relevant. Accordingly, the Court finds that the motion to compel should be granted as to this request.

  B. Hartford's claim files regarding similar hail losses (Request No. 7)

Request for Production No. 7 seeks:

> All documents relating to or referencing Hartford's management, adjustment and administration of other property damage claims caused by rain or hail on April 21, 2004, to buildings located within a radius of 1 mile from Broadway Business Park in Oklahoma City, OK.

Hartford objects to this request as "not relevant and not likely to lead to the discovery of admissible evidence." Broadway contends these documents are relevant to show Hartford's practice in handling property damage claims. Specifically, Broadway states that it seeks this information to show that Hartford has a practice of wrongfully denying claims without good cause or to show a disparity in Hartford's treatment of claims.

The Tenth Circuit has held that evidence of an insurance company's general business practices is relevant in a bad faith case. *See Vining v. Enter. Fin. Group, Inc.*, 148 F.3d 1206, 1218-19 (10th Cir. 1998). Having carefully reviewed the parties' submissions, the Court finds that the documents Broadway seeks through request for production no. 7 are relevant. The Court further finds this request is not overly broad but is narrowly tailored in both time and location. The Court, accordingly, finds that the motion to compel should be granted as to this request.

  C. Hartford's fire claim files (Request No. 4)

Request for Production No. 4 seeks all fire claim files. Specifically, this request seeks Hartford's claim files concerning a fire loss to Building F on June 27, 2005. Hartford asserts that

the fire claim files are not relevant to the parties' dispute. Broadway contends the files are relevant because they will show that Hartford was capable of adjusting the hail storm claim quickly and efficiently but failed to do so.

Having carefully reviewed the parties' submissions, the Court finds that the fire claim files are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The fire claim files address a separate claim involving a different cause of loss, a year after the claim at issue, and under a completely different set of circumstances. Accordingly, the Court finds that the motion to compel should be denied as to this request.

> D.  Hartford's standards for investigation and adjustment of claims (Request Nos. 8 and 9)

Request for Production No. 8 seeks:

> All documents relating to or referencing Hartford's claim management policies, procedures, guidelines and recommendations for the adjustment of property damage claims in effect on April 21, 2004, including, but not limited to, Hartford's property claim manuals and internal instructional or training materials.

Request for Production No. 9 seeks:

> All documents relating to or referencing Hartford's claim management policies, procedures, guidelines and recommendations for the mitigation of water damage, including, but not limited to all documents referring to the prevention or remediation of mold and corrosion in Hartford's possession on April 21, 2004.

In response to these requests for production, Hartford produced its "Best Practices," which consists of seven pages of general instruction regarding claim handling. Broadway contends that the "Best Practices" does not specify Hartford's preferred claim handling practices in Oklahoma and fails to address any specific circumstances involving mold, corrosion, or water damage. Broadway further asserts that Hartford's adjuster testified in his deposition that additional training materials

existed in the past but that he has made no effort to locate or produce them.

Having carefully reviewed the parties' submissions, the Court finds that Hartford has not fully responded to request for production no. 8 and has failed to respond at all to request for production no. 9. The Court further finds that the documents sought in these requests are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that the motion to compel should be granted as to these requests.

 E. Hartford's claim file withheld under assertion of privilege (Request Nos. 3, 16, and 17)

Request for Production No. 3 seeks "All Claim Files." Request for Production No. 16 seeks:

> All files maintained by any person employed by You to render an opinion with regard to the Claim or the damages caused to the Project, or retained by You to testify at trial in this action, including all documents, reports, opinions, notes, curriculum vitae or professional resumes, correspondence, and all drafts of each of the foregoing.

Request for Production No. 17 seeks:

> All documents provided to, used, or relied upon by any expert witness in forming or preparing his/her opinion, or referenced in or by such opinion with regard to the Claim or Hartford's adjustment or handling of it.

Hartford contends that the motion to compel these documents should be denied because (1) it has produced all non-protected documents; (2) redacted portions of documents contain information relating to reserves that is outside the scope of discovery; and (3) other withheld documents are subject to work product protection.[1] Specifically, Hartford asserts that a reserve is merely a

---

[1] Hartford also asserts that Broadway has not conferred with Hartford regarding the production of the specifically requested documents at issue in the motion to compel. Having reviewed the parties' submissions, the Court finds that Broadway has satisfied the requirement to confer with Hartford prior to filing the motion to compel as to these documents.

preliminary estimate of potential liability required by regulators and is not meant to reflect the factual and legal considerations bearing on the validity of the claim or the claim's value. Hartford further asserts that whatever tenuous probative value exists for the reserve figures is far outweighed by the risk of confusion, improper use of reserve, and undue prejudice. Broadway contends that information regarding reserves is relevant in bad faith cases because it may be used to show the insurer's state of mind, and in the case at bar, information regarding reserves will reflect on the thoroughness, or lack thereof, of Hartford's investigation of Broadway's claims. Having carefully reviewed the parties' submissions, the Court finds that the information regarding reserves is relevant and should be produced. *See North River Ins. Co. v. Greater New York Mut. Ins. Co.*, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995).

Hartford also asserts that most of the documents Broadway is seeking through the motion to compel are subject to work product protection. Under the work product rule, any notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, are protected from discovery. *See* Fed. R. Civ. P. 26(b)(3).

> To sustain a claim of work product protection, Defendant must demonstrate that the documents at issue were prepared in anticipation of litigation by or for Defendant or by or for Defendant's representative. If Defendant can make the required showing to establish work product protection for [] certain documents, Plaintiff can obtain production of those documents only if he can demonstrate that he has "substantial need of the materials in the preparation of [his] case and that [he] is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

*Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000) (quoting Fed. R. Civ. P. 26(b)(3)).

Having carefully reviewed the documents submitted, the Court finds that Hartford has failed

6

to establish that these documents, with the exception of document CLAIMS 000158-CLAIMS 000159, are work product. In fact, the Court finds that the documents in question are merely correspondence forwarding documents, some of which were produced by Broadway,[2] correspondence setting up conference calls or site inspections, and correspondence regarding hiring Brian McDonald and inquiring as to the status of his report.[3] None of these documents are notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, and none of these documents relate to the merits of the case at bar or to any opinions regarding the claim at issue.[4] Accordingly, the Court finds that the motion to compel should be granted as to these documents, with the exception of document CLAIMS 000158-CLAIMS 000159. The Court further finds that document CLAIMS 000158-CLAIMS 000159 is subject to work product protection and that Broadway has failed to demonstrate that it has substantial need of this document in the preparation of its case and that it is unable without undue hardship to obtain the substantial equivalent of this document by other means.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's First Motion to Compel [docket no. 41] as follows:

(1)   The Court DENIES the motion to compel as to the documents sought in request for production no. 4, and

---

[2]For example, ODOM 001126 simply states: "Brian, here is the letter."

[3]The Court would note that in none of the correspondence regarding hiring Mr. McDonald as an expert is there any discussion of the merits of the claim.

[4]The Court would note that documents RHIN 001105 and RHIN 001404 - RHIN 001412 are handwritten notes by Troy Rhinehart, the adjuster handling the instant claim. Having reviewed these notes, the Court finds that they are notes that would be prepared during the routine investigation of the claim at issue and that they were not prepared in anticipation of litigation.

(2)  The Court GRANTS the motion to compel as to the documents sought in requests for production nos. 5, 7, 8, and 9 and as to all documents marked with an asterisk on Hartford's Privilege Log, attached as Exhibit 8 to the motion to compel, with the exception of document CLAIMS 000158-CLAIMS 000159. Hartford shall produce the above-referenced documents within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 9th day of August, 2006.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE