**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BROADWAY PARK, L.L.C., a/k/a | ) | |
| BROADWAY BUSINESS PARK, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-584-M |
| | ) | |
| THE HARTFORD CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant's Motion to Strike, filed June 21, 2006. On July 14, 2006, plaintiff filed its response, and on July 28, 2006, defendant filed its reply. Also before the Court are defendant's Motion for Leave to File Sur-Reply in Support of Its Motion for Partial Summary Judgment and plaintiff's Motion for Leave to File Supplemental Response in Opposition to Hartford's Motion for Partial Summary Judgment. Based upon the parties' submissions, the Court makes its determination.

I.      Motion to Strike

Defendant moves this Court to strike, in part, the affidavit of L. Sue Elsner ("Elsner Affidavit") submitted in support of plaintiff's response to defendant's motion for partial summary judgment. Defendant asserts that the Elsner Affidavit contains improperly summarized documents and inadmissible hearsay. In its response, plaintiff asserts that the Elsner Affidavit does not contain inadmissible hearsay and that many of the portions of the Elsner Affidavit which defendant seeks to strike are clearly not objectionable. Additionally, plaintiff attaches a supplemental affidavit of L. Sue Elsner ("Supplemental Elsner Affidavit"), which includes each of the documents defendant has referenced in its motion to strike. In its reply, defendant objects to the Supplemental Elsner

Affidavit.

Federal Rule of Civil Procedure 56(e) provides, in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. . . .

Fed. R. Civ. P. 56(e).

Having carefully reviewed the Elsner Affidavit, the Court finds that it does not contain inadmissible hearsay. Specifically, the Court finds that the portions of the Elsner Affidavit that defendant objects to as hearsay are admissions by a party-opponent and are, therefore, not hearsay. *See* Fed. R. Evid. 801(d)(2).

Further, the Court finds that while the Elsner Affidavit is technically deficient because "sworn or certified copies of all papers or parts thereof referred to" were not attached to the affidavit, plaintiff has corrected this deficiency in the Supplemental Elsner Affidavit. While defendant objects to the Supplemental Elsner Affidavit, the Court finds that because defendant will be given the opportunity to respond to this supplemental affidavit, defendant will suffer no prejudice if the Supplemental Elsner Affidavit is considered by the Court. The Court, therefore, pursuant to Rule 56(e), permits the Elsner Affidavit to be supplemented.

Finally, the Court finds that defendant's remaining objections to the Elsner Affidavit are without merit. Specifically, the Court finds that the remaining portions which defendant seeks to strike are simply factual statements by Ms. Elsner, such as the statement in paragraph 48 that "[t]he meeting with Hartford did not take place until November 18, 2004" and that there is no basis to

strike said factual statements.

Accordingly, the Court finds that the motion to strike should be denied.

II.     Remaining Motions

Plaintiff has filed a Motion for Leave to File Supplemental Response in Opposition to Hartford's Motion for Partial Summary Judgment. Having carefully reviewed plaintiff's motion, and for good cause shown, the Court finds that said motion should be granted.

Additionally, defendant has filed a motion for leave to file a sur-reply if the Court allows the Supplemental Elsner Affidavit to be considered. Having carefully reviewed defendant's motion, and for good cause shown, the Court finds that said motion should be granted.

III.    Conclusion

For the reasons set forth above, the Court:

(A)     DENIES defendant's Motion to Strike [docket no. 70];

(B)     GRANTS plaintiff's Motion for Leave to File Supplemental Response in Opposition to Hartford's Motion for Partial Summary Judgment [docket no. 92]; said supplemental response shall be filed within seven (7) days of the date of this Order; and

(C)     GRANTS defendant's Motion for Leave to File Sur-Reply in Support of Its Motion for Partial Summary Judgment [docket no. 82]; said sur-reply shall be filed within seven (7) days of the date plaintiff files its supplemental response.

**IT IS SO ORDERED this 9th day of November, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE