**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BROADWAY PARK, L.L.C., a/k/a ) <br> BROADWAY BUSINESS PARK, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE HARTFORD CASUALTY ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. CIV-05-584-M |

**ORDER**

Before the Court is defendant's Motion for Protective Order, filed November 10, 2006. On November 15, 2006, plaintiff filed its response. Also before the Court is plaintiff's Motion to Take Depositions Out of Time and Request for Expedited Consideration, filed November 15, 2006. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff Broadway Park, L.L.C. ("Broadway") is the operator of a business park located at the intersection of the Broadway Extension and Wilshire Boulevard in Oklahoma City, Oklahoma. The business park consists of eleven separate buildings designated as Buildings A through K. Defendant The Hartford Casualty Insurance Company ("Hartford") is Broadway's insurance carrier.

On the afternoon of April 21, 2004, a severe thunderstorm passed through Oklahoma City. In addition to heavy rain and high winds, the storm deposited large amounts of hail in the area of the business park. During the storm, the roof on Building A collapsed, and the roof on Building B suffered a partial collapse. The remaining buildings suffered various levels of damage.

The instant action arises out of the insurance claim Broadway made to Hartford based upon the April 21, 2004 storm. Specifically, Broadway alleges that Hartford has breached the terms of

their insurance contract and has committed bad faith in handling the insurance claim.

II.   Discussion

   A.   Motion for Protective Order

Broadway has sought to take the deposition of a Hartford representative regarding Hartford's underwriting policies, practices, and procedures in effect at the time Hartford issued the policy in question to Broadway and the deposition of Hartford's local claims adjuster, Brett Rostochil, regarding other property damage claims arising from the same April 21, 2004 hail storm within a one-mile radius of the business park. Hartford moves the Court to bar the taking of the above-referenced depositions.

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Broadway asserts that it is entitled to take the deposition of Hartford's representative regarding underwriting policies, practices, and procedures because Hartford seeks to assert a policy exclusion as a defense to payment of Broadway's claim based on the design and construction of Buildings A and B prior to the loss. Despite the fact that the underwriting materials that have been produced to Broadway did not contain any information bearing on Hartford's prior knowledge of the buildings' allegedly defective construction, Broadway asserts that the deposition of Hartford's

representative regarding Hartford's underwriting policies, practices, and procedures is necessary because such information is potentially relevant to the claims and defenses in this case.

Having carefully reviewed the parties' submissions, the Court finds that Broadway is not entitled to take the deposition of Hartford's representative regarding underwriting policies, practices, and procedures because such testimony is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, the Court finds that because the underwriting materials that have been produced have not revealed that Hartford had prior knowledge of the allegedly defective construction, any discovery regarding Hartford's general underwriting policies, practices, and procedures is simply too attenuated from the claims in the instant case to be relevant or to be reasonably calculated to lead to the discovery of admissible evidence.

Hartford asserts that Broadway is not entitled to take the deposition of Mr. Rostochil because the other claim files within a one-mile radius of the business park involve roofs constructed much differently than the roofs at the business park and, thus, the adjustment of these roofs is not relevant. Broadway, however, asserts that there are substantial similarities in the roofs and that the other claims involve similar non-roof damages to that suffered at the business park. Broadway further asserts that Mr. Rostochil's deposition is relevant to establish evidence of Hartford's business practices and claims handling methods.

Having carefully reviewed the parties' submissions, the Court finds that Broadway is entitled to take the deposition of Mr. Rostochil. Specifically, the Court finds that any testimony by Mr. Rostochil regarding the other claims files and Hartford's business practices and claims handling methods is relevant and/or reasonably calculated to lead to the discovery of admissible evidence.

   B.   Motion to Take Depositions Out of Time

Broadway moves the Court to order Hartford to promptly designate its Federal Rule of Civil Procedure 30(b)(6) representative and to allow Broadway to take depositions of Hartford's employees and representatives out of time. Having carefully reviewed Broadway's motion, the Court finds that said motion is well taken and that Hartford should designate its Rule 30(b)(6) representative by November 22, 2006 and that the discovery deadline in this case should be extended until December 15, 2006 to allow Broadway sufficient time to take the depositions of Hartford's employees and representative. The Court would further encourage counsel for the parties to work together to schedule these depositions and to timely confirm the witnesses' availability.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court:

(A)   GRANTS IN PART and DENIES IN PART Hartford's Motion for Protective Order [docket no. 113][1] as follows:

   (1)   the Court grants the motion as to the deposition of Hartford's representative regarding underwriting policies, practices, and procedures and bars said deposition, and

   (2)   the Court denies the motion as to the deposition of Mr. Rostochil, and

(B)   GRANTS Broadway's Motion to Take Depositions Out of Time and Request for Expedited Consideration [docket no. 116] as follows:

   (1)   the Court orders Hartford to designate its Rule 30(b)(6) representative by November 22, 2006, and

---

[1] Because the Court has granted in part and denied in part Hartford's Motion for Protective Order, the Court finds that neither party is entitled to an award of its attorney's fees.

(2) the Court extends the discovery deadline in this case until December 15, 2006.

**IT IS SO ORDERED this 16th day of November, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE