**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BROADWAY PARK, L.L.C., a/k/a<br>BROADWAY BUSINESS PARK, L.L.C.,<br><br>        Plaintiff,<br><br>vs.<br><br>THE HARTFORD CASUALTY<br>INSURANCE COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-05-584-M<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This case is scheduled for trial on the Court's January, 2007 trial docket.

Before the Court is defendant's Motion for Partial Summary Judgment, filed May 4, 2006. On June 2, 2006, plaintiff filed its response, and on June 21, 2006, defendant filed its reply. Additionally, on November 13, 2006, plaintiff filed a supplemental response to defendant's reply, and on November 20, 2006, defendant filed its sur-reply. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Plaintiff Broadway Park, L.L.C. ("Broadway") is the operator of a business park located at the intersection of the Broadway Extension and Wilshire Boulevard in Oklahoma City, Oklahoma. The business park consists of eleven separate buildings designated as Buildings A through K. Defendant The Hartford Casualty Insurance Company ("Hartford") is Broadway's insurance carrier.

On the afternoon of April 21, 2004, a severe thunderstorm passed through Oklahoma City. In addition to heavy rain and high winds, the storm deposited large amounts of hail in the area of the business park. During the storm, the roof on Building A collapsed and the roof on Building B suffered a partial collapse. The remaining buildings suffered various levels of damage.

The instant action arises out of the insurance claim Broadway made to Hartford based upon the April 21, 2004 storm. Specifically, Broadway alleges that Hartford has breached the terms of the insurance contract and has committed bad faith in handling the insurance claim. Hartford now moves for summary judgment as to Broadway's bad faith claim.

## II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

## III.    DISCUSSION

Broadway alleges that Hartford committed bad faith based upon Hartford's failure to timely investigate and timely pay Broadway's claim. The Oklahoma Supreme Court first recognized the

tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1978). In so doing, the court held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904. The court further recognized:

> there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

*Id.* at 905.

In order to establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993). In order to determine whether the insurer acted in good faith, the insurer's actions must be evaluated in light of the facts the insurer knew or should have known at the time the insured requested the insurer to perform its contractual obligation. *Id.* at 1437. The essence of the tort of bad faith is

> unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences might be drawn regarding the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

*McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

However, the mere allegation that an insurer breached its duty of good faith and fair dealing does not automatically entitle the issue to be submitted to a jury for determination. *Oulds*, 6 F.3d at 1436. The Tenth Circuit has held:

> [a] jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness and good faith of the insurer's conduct. On a motion for summary judgment, the trial court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious. Until the facts, when construed most favorably against the insurer, have established what might reasonably be perceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed.

*Id.* at 1436-37 (internal citations omitted).

"A claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient." *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611-12 (10th Cir. 1994). "To determine the validity of the claim, the insurer must conduct an investigation reasonably appropriate under the circumstances. If the insurer fails to conduct an adequate investigation of a claim, its belief that the claim is insufficient may not be reasonable." *Id*. at 612 (internal quotations and citation omitted). Thus, "[t]he investigation of a claim may in some circumstances permit one to reasonably conclude that the insurer has acted in bad faith." *Oulds*, 6 F.3d at 1442.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Broadway and viewing all reasonable inferences in Broadway's favor, as the Court must when addressing a motion for summary judgment, the Court finds Broadway has presented sufficient evidence to create a genuine issue of material fact as to whether Hartford acted in bad faith and violated its duty to deal fairly and act in good faith with Broadway.

While it is clear that ultimately a legitimate dispute arose between Broadway and Hartford as to the extent and scope of the damages, and that any conduct by Hartford based upon this legitimate dispute would not constitute bad faith, *see Manis v. Hartford Fire Ins. Co.*, 681 P.2d 760, 762 (Okla. 1984), Broadway has submitted evidence showing that within the first three months after the claim, Hartford failed to timely and adequately investigate the claim and to timely make any significant partial payment on the claim.  Specifically, Broadway has submitted evidence showing that Hartford failed to insure that a structural engineer had been obtained to evaluate the damages and the costs associated with repairing/replacing the structures.  Additionally, it is undisputed that prior to August 5, 2004, Hartford had paid only a $20,000 advance to Broadway despite the fact that Hartford, at that time, did not dispute coverage and was well aware of the magnitude of the damages and that the condition of Buildings A and B continued to deteriorate.  Further, Broadway has presented evidence that Hartford failed to respond to Broadway's inquiries regarding the treatment of tenant relocation expenses and temporary and/or permanent tenant improvements under the insurance policy and failed to timely investigate Broadway's lost business income claim.

Accordingly, based upon the evidence presented by Broadway, the Court finds a reasonable jury could conclude that Hartford did not have a reasonable good faith belief for withholding any further partial payment of Broadway's claim until August 5, 2004.  The Court further finds that the evidence presented by the parties permits differing inferences as to the reasonableness and good faith of Hartford's conduct and that the evidence, when construed most favorably to Broadway, establishes what might reasonably be perceived as tortious conduct on the part of Hartford.  Finally, the Court finds that Broadway has presented evidence that Hartford failed to conduct a timely investigation, reasonably appropriate under the circumstances, and that a jury could conclude that

based upon said untimely investigation, Hartford has acted in bad faith.

Accordingly, the Court finds that Hartford's motion for partial summary judgment as to Broadway's bad faith claim should be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Hartford's Motion for Partial Summary Judgment [docket no. 42].

**IT IS SO ORDERED this 12th day of December, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE