**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BROADWAY PARK, L.L.C., a/k/a | ) | |
| BROADWAY BUSINESS PARK, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-584-M |
| | ) | |
| THE HARTFORD CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Before the Court is defendant's Motion to Compel, filed December 15, 2006.  On December 22, 2006, plaintiff filed its response.  Also before the Court is plaintiff's Expedited Second Motion to Compel, filed December 18, 2006.  On December 22, 2006, defendant filed its response.  Based upon the parties' submissions, the Court makes its determination.

I.    <u>Introduction</u>

Plaintiff Broadway Park, L.L.C. ("Broadway") is the operator of a business park located at the intersection of the Broadway Extension and Wilshire Boulevard in Oklahoma City, Oklahoma. The business park consists of eleven separate buildings designated as Buildings A through K. Defendant The Hartford Casualty Insurance Company ("Hartford") is Broadway's insurance carrier.

On the afternoon of April 21, 2004, a severe thunderstorm passed through Oklahoma City. In addition to heavy rain and high winds, the storm deposited large amounts of hail in the area of the business park.  During the storm, the roof on Building A collapsed and the roof on Building B suffered a partial collapse.  The remaining buildings suffered various levels of damage.

The instant action arises out of the insurance claim Broadway made to Hartford based upon the April 21, 2004 storm.  Specifically, Broadway alleges that Hartford has breached the terms of

their insurance contract and has committed bad faith in handling the insurance claim.

II.     Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

A.      Hartford's Motion to Compel

Hartford moves the Court for an order compelling Broadway to produce the following:

1.     Documents identified in Broadway's supplemental privilege log as WG2281-86, WG2985-99, WG3000-16, WG3017, WG3414-17, WG3418-19, WG3458, WG3459-63, and WG3474-75;

2.     The draft expert opinion that Broadway's "bad faith" expert Garth Allen created and emailed to Plaintiff's counsel; and

3.     Notes Stanley Ward reviewed in preparation for his deposition.

Hartford's Motion to Compel at 1.

1.      Privilege log documents[1]

Broadway asserts that the documents at issue are protected by the work-product doctrine.

---

[1]In its response, Broadway states that the privilege log documents at issue are (1) documents from an attorney/consulting expert retained by Ward & Glass on a contract basis to provide expert analysis and legal opinions in connection with this matter, and (2) unsigned and unsent draft letters to Broadway's tenants.

Hartford contends that Broadway cannot show that the documents at issue are subject to the work-product doctrine because they were not prepared in anticipation of litigation.

Under the work product doctrine, any notes, working papers, memoranda or similar materials, prepared by an attorney in anticipation of litigation, are protected from discovery.  *See* Fed. R. Civ. P. 26(b)(3).

> To sustain a claim of work product protection, [a party] must demonstrate that the documents at issue were prepared in anticipation of litigation by or for [the party] or by or for [the party's] representative.  If [the party] can make the required showing to establish work product protection for [] certain documents, [the opposing party] can obtain production of those documents only if he can demonstrate that he has "substantial need of the materials in the preparation of [his] case and that [he] is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

*Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000) (quoting Fed. R. Civ. P. 26(b)(3)).

In the case at bar, Broadway retained Mr. Ward as its attorney in early May, 2004 to determine what action needed to be taken "to move Hartford off the mark because they had not been cooperative and they were not being helpful and we were continuing to suffer loss and damage.  And we had to come up with a method to find some sort of recovery for the owner."  Deposition testimony of Leslie Sue Elsner at p.25, ll 6-10, attached as Exhibit 3 to Hartford's Motion to Compel.  Because Ms. Elsner also testified that Broadway first planned litigation beginning in June, 2004, Hartford asserts that any documents prepared before June, 2004 were not prepared in anticipation of litigation and are not protected under the work-product doctrine.

Having carefully reviewed the parties' submissions, the Court finds that Broadway has demonstrated that the documents at issue were prepared in anticipation of litigation by or for its

attorney Mr. Ward.  While Broadway may not have finally decided to pursue litigation until June, 2004, the Court finds that based upon the reason Broadway retained Mr. Ward, pursuing litigation against Hartford was an option from the beginning of Broadway's relationship with Mr. Ward. Accordingly, the Court finds that any documents, and specifically the documents at issue, were prepared in anticipation of litigation.  Additionally, the Court finds that Hartford has not demonstrated that it has substantial need of the materials in the preparation of its case and that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Therefore, the Court finds that the motion to compel should be denied as to the privilege log documents at issue.

### 2.   Draft expert opinion

In its response to the motion to compel, Broadway states that its counsel has searched its files and has asked Mr. Allen to do the same but has been unable to recover any copy of the draft report prepared by Mr. Allen.  Accordingly, because no copy of the draft report has been found, the Court finds that Broadway is unable to produce the draft copy of the report to Hartford and that the motion to compel should be denied as to the draft expert opinion of Mr. Allen.

### 3.   Ward notes

During his deposition, Mr. Ward testified that he reviewed his handwritten notes to refresh his recollection regarding the facts and circumstances regarding his earlier involvement in the case and in preparation for his deposition.  Hartford asserts that by allowing Mr. Ward to review his notes prior to his deposition, Broadway has waived any objection to their disclosure and Hartford is entitled to review them.  Broadway contends that the notes prepared by Mr. Ward were prepared in anticipation of litigation and were used to assemble legal opinion, and as such, those notes are

protected by the attorney-client privilege and the work-product doctrine.

In support of its assertion that it is entitled to review Mr. Ward's notes, Hartford relies upon

Federal Rule of Evidence 612.  Rule 612 provides, in pertinent part:

> . . . if a witness uses a writing to refresh memory for the purpose of testifying, either –
>> (1) while testifying, or
>> (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice,
>
> an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. . . .

Fed. R. Evid. 612.

While Rule 612 generally allows an adverse party to review writings used to refresh a

witness' memory, Rule 612 does not specifically authorize an adverse party to review writings that

are protected by the attorney-client privilege or the work-product doctrine.  Additionally, Hartford

has not cited any case law holding that writings that are protected by the attorney-client privilege

or the work-product doctrine which are used to refresh a witness' memory must be produced under

Rule 612.  In fact, in one of the cases cited by Hartford, the court held that documents protected by

the work-product doctrine should not be produced under Rule 612.  *See Berkey Photo, Inc. v.*

*Eastman Kodak Co.*, 74 F.R.D. 613, 615-617 (S.D.N.Y. 1977).

Having carefully reviewed the parties' submissions, and under the circumstances in the case

at bar, the Court finds that the notes reviewed by Mr. Ward are protected by the attorney-client

privilege and/or the work-product doctrine, that the production of these notes is not necessary in the

interests of justice, and that the notes should not be produced under Rule 612.  Accordingly, the

Court finds that Hartford's Motion to Compel should be denied as to Mr. Ward's notes.

B.      Broadway's Motion to Compel

Broadway moves the Court for an order compelling Hartford to produce the following:

1.      All Documents in the possession of Jim Koontz and/or Jim D. Koontz & Associates concerning or relating to the investigation of the April 21, 2004, hail storm in and around Oklahoma City, Oklahoma, conducted by the Roofing Industry Committee on Weather Issues, Inc. ("RICOWI"), including all working papers, drafts, maps, diagrams, weather data, HailTrax maps, spreadsheets, tables, notes, reports and presentations;

2.      Jim D. Koontz's entire file regarding his investigation of hail damage to the building located at 3621 NW 63rd, Oklahoma City, Oklahoma (a/k/a the "Dental Office"), including his May 5, 2004 report; and

3.      Jim D. Koontz's entire file regarding his investigation of hail damage to the building located at 7800 NW 85th Terrace, Oklahoma City, Oklahoma, (a/k/a "The Hartford Building"), including his May 5, 2004 report.

Broadway's Expedited Second Motion to Compel at 2.

Hartford asserts that the requested documents are not relevant and are not calculated to lead to the discovery of admissible evidence.  Broadway asserts that the documents are reasonably calculated to lead to the discovery of admissible evidence regarding Hartford's alleged mishandling of Broadway's claim, and particularly in regard to Hartford's alleged bad faith adjustment of the claim.  Specifically, Broadway contends the requested documents "relate to (1) Koontz's motive, bias, and prejudice; (2) the means and methods employed by Koontz in conducting his investigations; (3) the accuracy of his opinions; (4) the adequacy of Hartford's investigation at Broadway Park; and (5) the disparate treatment of Hartford's claims investigations based on the party asserting the claim."  Broadway's Expedited Second Motion to Compel at 5.

Having carefully reviewed the parties' submissions, the Court finds that the requested documents are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Because Broadway already has a copy of the RICOWI report and can cross examine Mr.

Koontz based upon that report, the Court finds that Mr. Koontz's notes associated with the RICOWI report are too attenuated from the issues in this case to be relevant or reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the Court finds that because the Dental Office and the Hartford Building are located some distance from the business park, Mr. Koontz's files regarding his investigation of the hail damage to these buildings is simply not relevant nor reasonable calculated to lead to the discovery of admissible evidence.  Accordingly, the Court finds that the motion to compel should be denied.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Hartford's Motion to Compel [docket no. 141] and DENIES Broadway's Expedited Second Motion to Compel [docket no. 144].

**IT IS SO ORDERED this 5th day of January, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE